```
UNITED STATES DISTRICT COURT                USDC SDNY
SOUTHERN DISTRICT OF NEW YORK               DOCUMENT
                                            ELECTRONICALLY FILED
----------------------------------------x   DOC# _____
                                            DATE FILED: 6/28/11
```

MARINO FLORES, LAURA PASTORE,
ROBERT C. PASTORE,

       Plaintiffs,    **MEMORANDUM-DECISION AND ORDER**

              10 Civ. 4332 (GAY)

   -against-

J&B CLUB HOUSE TAVERN, INC.,
JOSEPH SCORDATO, As an Individual.

       Defendants.

----------------------------------------x

  Plaintiffs seek attorneys' fees and costs in the amount of $1,250.00 for defendants failure to appear for depositions on May 27, 2011. Both sides have submitted letter briefs on this matter. Fed.R.Civ.P. 37(d)(1)(A)(I) provides that a court may order sanctions if a "party or a party's officer, director, or managing agent...fails, after being served with proper notice, to appear for that person's deposition." It is well settled that the imposition of sanctions is within the sound discretion of the trial court. Although counsel do not agree to all the facts relating to this application, it is clear that plaintiffs served a demand for a deposition on April 22, 2011 that sought to take the deposition of the defendants on May 27, 2011. It is also clear that defendants requested an adjournment of the May 27, 2011 deposition and that the plaintiffs refused the request on May 19, 2011.

  The Court then received a faxed letter from the defendants on May 20, 2011 requesting an extension of certain discovery deadlines. Said letter requested that the

deadline for depositions by extended from June 10, 2011 to July 30, 2011 and requested a conference with the Court. The Court was not able to schedule a conference until June 1, 2011. The record set forth in the letter briefs herein show that the counsel for defendants advised plaintiffs' counsel on May 26, 2011, that they would not be attending the depositions scheduled for May 27, 2011. Counsel for plaintiffs still declined to adjourn the conference and appeared on May 27, 2011 with a court reporter ready to depose the defendants. Defendants did not appear on May 27, 2011.

The Court notes that depositions are often adjourned because of conflicts and it is expected that counsel will make good faith efforts to reschedule on a timely basis. Here, no sanctions are warranted against defendants because there does not appear to have been sufficient efforts made by counsel for plaintiffs to simply reschedule the depositions. Moreover, counsel for plaintiffs was aware that there was a pending application to the Court for a extension of time to take depositions. Counsel for plaintiff was also clearly advised that defendants would not be appearing for depositions the day before the noticed May 27th depositions. Under the circumstances, the Court concludes that there was no need to force the issue. See Rauch Industries, Inc., No. 10 Civ. 5476, 2011 WL 1560822 (S.D.N.Y. April 25, 2011).

Accordingly, the applications for costs and attorneys fees pursuant to Rule 37 is denied.

SO ORDERED:

Dated: June 28 2011
White Plains, New York

GEORGE A. YANTHIS, U.S.M.J.

2