UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

MARINO FLORES, LAURA PASTORE, AND ROBERT C. PASTORE,

          Plaintiffs,

    -against-

J&B CLUB HOUSE TAVERN, INC., and JOSEPH SCORDATO,

          Defendants.
_____

Civ. No.: 7:10 Civ. 04322 (GAY)

# PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT J&B CLUB HOUSE TAVERN, INC.

George Diamantopoulos, Esq.
SEHAM, SEHAM, MELTZ & PETERSEN, LLP
445 Hamilton Avenue, Suite 1204
White Plains, NY 10601
(914) 997-1346
Attorneys for Plaintiff
LAURA E. MIESZERSKI, M.D., P.C.

Dated:      February 24, 2012

# TABLE OF CONTENTS

                                                                                                              **Page**

PRELIMINARY STATEMENT .................................................................................... 1

FACTS ............................................................................................................................ 2

ARGUMENT .................................................................................................................. 3

 POINT I
LEGAL STANDARD FOR SUMMARY JUDGMENT AND DEFENDANT J&B
VIOLATED THE FLSA IN FAILING TO KEEP COMPANY RECORDS .................... 3

 POINT II
DEFENDANT J&B WAS PLAINTIFFS' EMPLOYER AND ROBERT C. PASTORE
AND LAURA PASTORE ARE COVERED EMPLOYEES ............................................ 5

POINT III
DEFENDANT'S FAILURE TO PAY MINIMUM WAGE AND OVERTIME
COMPENSATION ......................................................................................................... 7

POINT IV
WILLFULNESS OF THE SECTION 6 AND 7 VIOLATIONS ..................................... 10

POINT V
LIQUIDATED DAMAGES TO BE PAID BY THE DEFENDANT .............................. 11

POINT VI
ATTORNEYS' FEES AND COSTS OF THE ACTION TO BE PAID BY THE
DEFENDANT ............................................................................................................... 13

CONCLUSION ............................................................................................................. 13

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT J&B CLUB HOUSE TAVERN, INC.

This Memorandum of Law is respectfully submitted on behalf of plaintiffs, Laura Pastore and Robert C. Pastore (hereinafter "plaintiffs,") in support of Plaintiffs' Motion for Summary Judgment against defendant J&B Club House Tavern, Inc. ("defendant J&B"), with accompanying Affidavit of Laura Pastore, dated February 23, 2012 (hereinafter "Laura Pastore Affidavit"), and accompanying Affidavit of Robert C. Pastore, dated February 23, 2012 (hereinafter "Robert Pastore Affidavit"). If defendant Joseph Scordato ("defendant Scordato") had not filed for federal bankruptcy protection, which creates an automatic stay in continuing to proceed against him in this action, plaintiffs would also have brought the instant motion against defendant Scordato, as virtually all undisputed facts stated herein as to defendant J&B apply equally to defendant Scordato, its principal. On February 10, 2012, plaintiffs' application to this Court to continue to proceed against defendant J&B for summary judgment was granted.

## PRELIMINARY STATEMENT

Plaintiffs commenced this action against defendants J&B and defendant Scordato (hereinafter "defendants"), by Summons and Complaint filed on June 1, 2010. Plaintiffs seek the following relief against defendant J&B in their Motion for Summary Judgment pursuant to the Fair Labor Standards Act, and the New York Labor Law:

(1) summary judgment for the plaintiff Laura Pastore against defendant J&B in the amount of $3,416 as the amount owed in unpaid minimum wages,

    plus an additional $3,416 in liquidated damages for a total amount of $6,832;

(2)   summary judgment for the plaintiff Robert C. Pastore against defendant J&B in the amount of $60,454.68 as the amount owed in unpaid minimum wages and unpaid overtime compensation, plus an additional $60,454.68 in liquidated damages for a total amount of $120,909.36;

(3)   awarding plaintiffs' reasonable attorneys' fees in the amount of $118,555.00 as of February 24, 2012, and all reasonable attorneys' fees thereafter until all sums due are paid;

(4)   awarding plaintiffs' costs in the amount of $2,544.44; and

(5)   granting such other and further relief as is just and proper.

Accordingly, plaintiff requests that this Court grant plaintiff summary judgment pursuant to Federal Rule of Civil Procedure 56(c).

## FACTS

The facts are set forth in the Statement of Undisputed Facts Pursuant to Local Civ. Rule 56.1 ("Statement of Undisputed Facts"), the Declaration of Laura Pastore ("Laura Pastore Decl."), the Declaration of Robert Pastore ((("Robert Pastore Decl."), and the Declaration of George Diamantopoulos ("Diamantopoulos Decl."), which accompany Plaintiffs' Motion for Summary Judgment, and to which the Court is respectfully referred. All defined terms not defined herein have the meaning ascribed to them in the Statement of Undisputed Facts, and in the Declarations of Laura Pastore, Robert Pastore, and George Diamantopoulos.

## ARGUMENT

## POINT I

## LEGAL STANDARD FOR SUMMARY JUDGMENT AND DEFENDANT J&B VIOLATED THE FLSA IN FAILING TO KEEP COMPANY RECORDS

The Federal Rules of Civil Procedure provide for summary adjudication when the record shows "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). One of the principal purposes of the rule is to dispose of factually unsupported claims or defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

In considering a motion for summary judgment, the Court must examine all the evidence in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). The moving party may discharge its burden of showing that no issue of material fact exists by demonstrating that "there is an absence of evidence to support the non-moving party's case." Celotex, 477 U.S. at 325. If the moving party demonstrates this, the burden of proof shifts to the non-moving party, which "must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Genuine issues are those that "can be resolved only by the finder of fact, because they may reasonably be resolved in favor of either party." Id. at 250.

In weighing the evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radion Corp., 475 U.S. 574, 587 (1986). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat a summary judgment motion. Falls Riverway Realty, Inc. v. City of Niagara

Falls, 754 F.2d 49, 57 (2d Cir. 1985). Summary judgment is appropriate if the evidence favoring the non-moving party is merely colorable or is not significantly probative. Hill v. White, 190 F.3d 427, 431 (6th Cir. 1999).

Employers under the FLSA are required to ". . . make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records . . ." 29 U.S.C. § 211(c).

Among the information that the regulations require the records to contain are the name and address of each employee, occupation in which the individual is employed, rate of pay, hours worked each day and each workweek, and total wages due and total wages paid for regular time and overtime. 29 U.S.C. § 516.2.

Payroll records are to be preserved by the employer for three years. 29 U.S.C. § 516.5

Defendant J&B did not keep any records regarding employee wages except for the W-2s. (Statement of Undisputed Facts, ¶ 19; Deposition Transcript of Defendants, pp. 65-66). Defendants' failure to keep company records in compliance with regulations clearly constitutes a violation of the FLSA.

Where an employer does not keep accurate or adequate records of employee hours and wages, plaintiff, in an action to recover wages due employees, carries his burden of proof by producing "sufficient evidence to show the amount and extent of . . . [uncompensated] work as a matter of just and reasonable inference." Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946). Plaintiffs have carried their burden in this

case. See Statement of Undisputed Facts, ¶¶ 37 and 38; and the Declaration of Laura Pastore, ¶16, and the Declaration of Robert C. Pastore, ¶22.

The burden then shifts to the employer to rebut, or to show the inference is not reasonable. If the employer fails to meet this burden the court may award the damages reasonably inferred, despite the fact that they are only, approximate in amount. Id. at 687-688. Because the defendant failed to keep and maintain the records required, this rule is applicable in the instant case.

The evidence in the instant case is sufficient to establish a pattern of FLSA violations by defendant with respect to payment of both regular and overtime wages, and that any damages due employees for these violations may be reasonably inferred from the information in evidence before this Court.

**POINT II**

**DEFENDANT J&B WAS PLAINTIFFS' EMPLOYER AND ROBERT C. PASTORE AND LAURA PASTORE ARE COVERED EMPLOYEES**

The FLSA is to be liberally construed in favor of its intended beneficiaries. Corning Glass Works v. Brennan, 417 U.S. 188, 208 (1974).

Defendant J&B is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). Defendant J&B is liable for any amounts owed the plaintiff employees due to FLSA violations. See Statement of Undisputed Facts, ¶ 10.

The FLSA defines an "employee" as "any individual employed by an employer." 29 U.S.C. 203(e)(1). In addition, ""[e]mploy" includes to suffer or permit to work." 29 U.S.C. § 203(g). New York labor Law adopts a nearly identical definition of "employee." NY Labor Law §§ 190(2) and 651(5). It is undisputed that plaintiff Robert C. Pastore

and plaintiff Laura Pastore worked for defendant J&B from October 1, 2008 through February 2010, and from October 1, 2008 to May 2009, respectively. See Statement of Undisputed Facts, ¶¶ 26 and 13; and the Declaration of Laura Pastore, ¶6, and the Declaration of Robert C. Pastore, ¶8.

The minimum wage and overtime provisions of the FLSA cover any "employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce . . ." 29 U.S.C. § 207. Therefore, an employer is subject to the overtime provisions of the FLSA if either its employees are "engaged in commerce" (a/k/a "individual coverage") or the employer is an "enterprise engaged in commerce." a/k/a "enterprise coverage"). See Jacobs v. New York Foundling Hosp., 483 F. Supp. 2d 251, 257 (E.D.N.Y. 2007); Bowrin v. Catholic Guardian Society, 417 F. Supp 2d 449,457 (S.D.N.Y. 2006).

The FLSA further defines "commerce" as trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b). In order to determine if individual coverage of the FLSA applies, courts must examine the employment actions of each employee asserting a claim. Jacobs, 483 F. Supp. 2d at 257. Enterprise coverage applies when an employer, *inter alia,* grosses at least $500,000 in annual sales. 29 U.S.C. § 203(s). It is undisputed that defendant J&B is an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s), and during all relevant times, plaintiffs engaged in commerce and handled, sold, or otherwise worked on goods and materials that have been moved or been produced in

interstate commerce. Robert Pastore Decl. ¶¶ 17 and 18; Laura Pastore Decl. ¶¶ 11 and 12. It is also undisputed that defendant J&B grossed in excess of $500,000, and that – as virtually any restaurant and bar would – it uses goods produced in interstate commerce. See Statement of Undisputed Facts, ¶ 15; and Robert Pastore Decl. ¶¶ 15.

## POINT III

### DEFENDANT'S FAILURE TO PAY MINIMUM WAGE AND OVERTIME COMPENSATION

29 U.S.C. § 206(a) states the following:

Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:
   (1) except as otherwise provided in this section, not less than--
     (A) $ 5.85 an hour, beginning on the 60th day after the date of enactment of the Fair Minimum Wage Act of 2007 [enacted May 25, 2007];
     (B) $ 6.55 an hour, beginning 12 months after that 60th day; and
     (C) $ 7.25 an hour, beginning 24 months after that 60th day;

The FLSA at 29 U.S.C. § 215(a)(2), makes it unlawful for any person including a corporation to violate 29 U.S.C. § 206(a).

29 U.S.C. § 207(a)(1) states the following:

  (1) Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

The FLSA at 29 U.S.C. § 215(a)(2), makes it unlawful for any person including a corporation to violate 29 U.S.C. § 207(a). Defendant J&B has not established that any exception to 29 U.S.C. § 207 applies in this case.

Like the FLSA, New York law requires employers to pay one and a half times an employee's regular rate as overtime premium pay for all hours beyond forty in a workweek. 12 N.Y.C.R.R. § 137-1.3.

The only logical point that wages become "unpaid" is when they are not paid at the time work has been done, the minimum wage is due, and wages are ordinarily paid – on payday. <u>Biggs v. Wilson,</u> 1 F.3d 1537, 1540 (9th Cir. 1993) (FLSA is violated unless the minimum wage is paid on the employee's regular payday.). Employees of defendants were supposed to be paid weekly every Tuesday. See Statement of Undisputed Facts, ¶ 39.

While defendant contracted to pay the plaintiff employees at a higher rate of pay than the minimum wage of $7.25 an hour, the evidence demonstrates that defendant did not in fact pay plaintiff Laura Pastore at all in 2008 and did not pay plaintiff Robert Pastore at all at times, or regularly, at the agreed rate. See Statement of Undisputed Facts, ¶¶ 37 and 38, Robert Pastore Decl. ¶ 22; Laura Pastore Decl. ¶ 16, regarding plaintiffs' calculated damages based on payments made, and payments not made, by defendants to plaintiffs.

While the minimum wage may have been paid to plaintiff Robert Pastore during workweeks when he was paid infrequently, plaintiff Robert Pastore was not paid any wages from October 1, 2008 through December 10, 2008, until he was paid $2,300 on December 11, 2008. At that point in time, defendant J&B was still in arrears to plaintiff

Robert Pastore in the amount of $13,417.50 after the $2,300 payment was made. Defendant J&B continued to be in arrears to plaintiff Robert Pastore through his entire employment with defendant J&B. See Statement of Undisputed Facts, ¶ 37; Robert Pastore Decl. ¶ 22. Laura Pastore was not paid any wages by defendants for her work as a waitress in 2008. See Statement of Undisputed Facts, ¶ 14, 20, 38.

Plaintiff Robert C. Pastore worked in excess of forty hours per week, usually 60-70 hours per week. Statement of Undisputed Facts, ¶ 28.

Although plaintiffs Robert Pastore and Laura Pastore do not have an exact record of the hours they worked for defendants, they are entitled to rely on their recollection, due to defendants' failure to keep an accurate record of the hours they worked. Specifically, in the absence of adequate records, courts apply the burden shifting approach in Anderson, 328 U.S. at 687, which presumptively credits the workers' best approximation of hours worked and does not reward the employer for failing to keep proper records in conformity with his statutory duty. The Anderson court held the following in such a situation:

> In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

Anderson, 328 U.S. at 687-688.

Accordingly, based on the evidence presented by plaintiffs in this case, defendant J&B violated the minimum wage provision with respect to both plaintiffs during their employment and violated the overtime provision as to plaintiff Robert C. Pastore.

The fact that defendant J&B may have intended to pay the employees at some future date, or that some employees might have acquiesced, albeit grudgingly, to deferred payment, has no bearing on the fact that the above statutes were violated by defendants.

Defendant J&B has failed to produce any evidence to challenge plaintiffs' calculations of hours worked and wages due, since the filing of Plaintiffs' Supplemental Rule 26(a)(1) Disclosures on January 9, 2012.

Accordingly, plaintiffs' evidence is sufficient to establish the number of hours worked and the amount of regular-time wages and overtime compensation owed by defendant J&B to the two plaintiffs.

## POINT IV

## WILLFULNESS OF THE SECTION 6 AND 7 VIOLATIONS

29 U.S.C. § 255(a) states the following:

> Any action . . . , to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act . . . (a) . . . may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.

The actions complained of in the instant case occurred from October 2008 to February 2010. The complaint was filed on June 1, 2010. Therefore, plaintiffs' claims for unpaid minimum wages, unpaid overtime compensation, and liquidated damages,

under the Fair Labor Standards Act are timely since they are within the two years after accrual of the causes of action.

It is clear that defendants knew or had reason to know that defendant J&B was or might be subject to the FLSA. Defendants knew wages, including overtime for plaintiff Robert Pastore, were not being paid to plaintiffs, and any willfulness of defendant Joseph Scordato may be imputed to the corporate defendant, defendant J&B. The evidence clearly supports the conclusion that defendants had control over payment of wages to the plaintiffs and repeatedly failed to make timely payments and were constantly in arrears to plaintiffs for wages and in the case of plaintiff Robert C. Pastore for overtime pay.

Defendant J&B is not relieved of the mandate of the FLSA simply because the employer has insufficient funds to meet those requirements.

Accordingly, because the plaintiffs' claims are timely and because defendants willfully violated the minimum wage and overtime compensation provisions of the FLSA, the causes of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act are not barred by the statute of limitations.

## POINT V

### LIQUIDATED DAMAGES TO BE PAID BY THE DEFENDANT

Defendants' willfully violating the minimum wage and overtime compensation provisions of the FLSA, thereby demonstrates the appropriateness of having liquidated damages awarded to plaintiffs against defendant J&B.

29 U.S.C. § 216(b) states the following:

Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the

amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, **and in an additional equal amount as liquidated damages.**

(Emphasis supplied).

In order to avoid a liquidated damages award from the Court, employer defendant J&B bears the burden of persuading the Court that (1) the acts or omissions giving rise to minimum wage or overtime compensation violations were in good faith, and that the employer had reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

"Good faith" requires at least an honest intention to ascertain what the Fair Labor Standards Act requires and to comply with it. "Reasonable belief" is an objective standard. As with willfulness, ignorance is no defense to a claim for liquidated damages.

Because defendants knew or reasonably should have known of the FLSA requirements, and failed to comply with them, defendants have not demonstrated that they acted in good faith and with reasonable belief that they were not violating the FLSA. Even assuming defendants were not aware of the FLSA requirements, defendants have offered no proof that they made any good faith effort to ascertain what the FLSA requires or to comply with it.

Accordingly, because defendants cannot demonstrate good faith and a reasonable belief they were not violating the FLSA on our facts, liquidated damages are appropriately awarded to each plaintiff against defendant J&B.

# POINT VI

## ATTORNEYS' FEES AND COSTS OF THE ACTION
## TO BE PAID BY THE DEFENDANT

29 U.S.C. § 216(b), in relevant part, states the following:

\* \* \*

The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

\* \* \*

Plaintiffs have incurred reasonable attorney's fees in the amount of $118,555.00 through February 24, 2012. (Diamantopoulos' Decl., ¶¶ 13-15).

In addition, plaintiff has incurred actual expenses for costs in the amount of $2,544.44 through February 24, 2012. (Diamantopoulos' Decl., ¶¶ 16-17).

Accordingly, in addition to any judgment awarded to the plaintiffs, attorneys' fees in the amount of $118,555.00, and costs in the amount of $2,544.44, are appropriately awarded in this case.

# CONCLUSION

For the foregoing reasons, and those set forth in the accompanying Declarations of Laura Pastore and Robert Pastore, the Diamantopoulos' Decl., and the Statement of Undisputed Facts, plaintiffs respectfully requests an order pursuant to Federal Rule of Civil Procedure 56(c):

(1) granting summary judgment for the plaintiff Laura Pastore against defendant J&B in the amount of $3,416 as the amount owed in unpaid

minimum wages, plus an additional $3,416 in liquidated damages for a total amount of $6,832;

(2) granting summary judgment for the plaintiff Robert C. Pastore against defendant J&B in the amount of $60,454.68 as the amount owed in unpaid minimum wages and unpaid overtime compensation, plus an additional $60,454.68 in liquidated damages for a total amount of $120,909.36;

(3) awarding plaintiffs' reasonable attorneys' fees in the amount of $118,555.00 as of February 24, 2012, and all reasonable attorneys' fees thereafter until all sums due are paid;

(4) awarding plaintiffs' costs in the amount of $2,544.44; and

(5) granting such other and further relief as is just and proper.

Dated: White Plains, New York
February 24, 2012

                              Respectfully submitted,

                              SEHAM, SEHAM, MELTZ & PETERSEN, LLP


                              By: /s/ George Diamantopoulos
                                  George Diamantopoulos, Esq.

                                  445 Hamilton Avenue, Suite 1204
                                  White Plains, New York 10601
                                  (914) 997-1346
                                  Attorneys for Plaintiff