USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 8/24/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARINO FLORES,[1] LAURA PASTORE and
ROBERT C. PASTORE,

                            Plaintiffs,

    -against-

J & B CLUB HOUSE TAVERN, INC., and
JOSEPH SCORDATO[2]

                            Defendants.
----------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**

10-Civ-4332 (GAY)

Plaintiffs Laura Pastore ("L. Pastore") and Robert C. Pastore ("R. Pastore") filed this action against defendant J & B Clubhouse Tavern, Inc. ("J & B"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and New York Labor Law ("NYLL"), §§ 190 *et seq.*, §§ 650, *et seq.* and its ensuing regulations, 12 New York Codes, Rules, and Regulations ("NYCRR"), tit. 12, §§ 142-2.2, 142-2.4. The complaint alleges that the defendant violated the FLSA and NYLL minimum wage and overtime compensation provisions as well as the NYLL spread of hours provisions. Additionally, plaintiff R. Pastore alleges breach of contract and unjust enrichment claims. Presently

---

[1] By partial stipulation and Order of Dismissal, Flores was terminated as a plaintiff on February 15, 2011. (See Dkt. #17.)

[2] On January 31, 2012, defendant Scordato filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code in the District of Connecticut. Accordingly, as to Scordato, the matter is stayed pursuant to 11 U.S.C. § 362. The automatic stay affects only Joseph Scordato; it does not apply to plaintiffs' claims against the corporate co-defendant. See Uto v. Job Site Services, Inc., 444 B.R. 222, 224 (E.D.N.Y. 2011) (distinguishing between applying the automatic stay to a corporate co-defendant which is wholly owned by the individual debtor defendant where individual filed for reorganization under Chapter 11 and where individual filed under Chapter 7. In the latter case, "there is no risk to any reorganization" in allowing the matter to proceed against the corporate co-defendant). The Court granted plaintiffs' application to pursue summary judgment against J & B, which did not file a bankruptcy petition, in accordance with the schedule that had been established prior to the Scordato bankruptcy filing. (See Dkt. #22.)

before this Court is plaintiffs' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[3]

Plaintiffs filed their moving papers on February 24, 2012. Defendant did not file opposition papers. Defendant's failure to oppose summary judgment allows the Court to accept plaintiffs' factual assertions as true, see Local Rule 56.1(c), but the Court "is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." Vermont Teddy Bear Co. v. Beargram Co., 373 F.3d 241, 242 (2d Cir. 2004). Rather, the Court "must be satisfied that the citation to evidence in the record supports the assertion." Id. at 244. See also Amaker v. Foley, 274 F.3d 677, 681 (2d Cir.2001) ("[E]ven when a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If it has not, summary judgment is inappropriate, for '[n]o defense to an insufficient showing is required'") (quoting Adickes v. Kress & Co., 398 U.S. 144, 161 (1970)).

## I. BACKGROUND

The following facts are taken from plaintiffs' submissions. On October 1, 2008, J & B, a restaurant, opened in Harrison, New York.[4] Scordato was the sole shareholder of J & B, owning all 100 shares outstanding and was, at all times, in active control and management of the restaurant. R. Pastore worked as a host, waiter, bartender and

---

[3] This action is before me for all purposes on the consent of the parties, pursuant to 28 U.S.C. §636 (c).
[4] The restaurant opened under the name A'Tavola Bistro and was renamed Pastore's of Harrison in either December 2008 or January 2009. Its corporate name was J & B Club House Tavern. To avoid confusion, the Court will refer to the restaurant as J & B.

2

supervisor from October 2008 through February 2010; L. Pastore worked as a waitress from October 2008 through May 2009.

According to R. Pastore, he was initially hired to work at a salary of $900 per week. Thereafter, in December 2008, he agreed to take a reduced salary of $620 per week. With the exception of the first five weeks, in which he worked 35 hours per week, R. Pastore asserts that he worked 60-70 hours per week. Plaintiff was not paid his salary every week, with the amount in arrears increasing throughout his employment. In 2008, R. Pastore's W-2 reflects that he earned $2,094. (See Pls.' Ex. E).

L. Pastore asserts that she was hired as a waitress by J & B at a salary of $280 per week. She was employed from October 1, 2008 through May 2009 and worked four hours per day five days a week. L. Pastore states that she was not paid at all during 2008 and seeks payment only for that year.

R. Pastore seeks unpaid minimum wages, overtime wages, spread of hours wages, pre- and post-judgment interest, liquidated damages and costs and attorneys' fees. L. Pastore seeks unpaid minimum wages, pre- and post-judgment interest, liquidated damages and costs and attorneys' fees.

## II. APPLICABLE LAW

A. Employer Status under the FLSA

The FLSA, enacted in 1938, guarantees that every non-exempt employee be paid at least the minimum wage for each hour worked and receive overtime for time worked over forty hours in a workweek at a rate of not less than time and one-half his or her regular rate of pay. 29 U.S.C. §§ 206, 207. To be held liable for unpaid minimum and overtime wages under the FLSA, a person must be an employer, which the FLSA

defines as "any person acting directly or indirectly in the interest of an employer in relation to an employee. . . ." 29 U.S.C. § 203(d).[5]

In determining employer status, "the overarching concern is whether the alleged employer possessed the power to control the workers in question . . . with an eye to the economic reality presented by the facts of each case." Herman v. RSR Sec. Services Ltd., 172 F.3d 132, 139 (2d Cir. 1999) (internal quotation marks and citations omitted). An "economic reality" test considers, among other things, whether the person,

> (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

Id. (citation omitted). No one of the four factors standing alone is dispositive; instead, the totality of the circumstances must be considered. Id.

Here, there are indications that R. Pastore was more than Scordato's employee. For example, during his deposition, Scordato stated that he and R. Pastore "were the owners" (Scordato Tr. 61:6-7), decided together what they would pay themselves (id. at 61:1-22), received the same pay (id. at 70:6-11), and divided management responsibilities (id. at 66:7-8, 82:13-19). Such unmarshalled statements, however, do not create an issue of fact where it is undisputed that Scordato was the sole owner of the J & B shares. In addition, during his deposition Scordato admitted the allegations in paragraphs 8 and 11 in the Complaint, which state that R. Pastore was "employed" by J

---

[5] New York's definition of an employer parallels that of the FLSA. See Yu G. Ke v. Saigon Grill, Inc., 595 F.Supp.2d 240, 264 n.48 (S.D.N.Y. 2008).

& B and that Scordato, through J & B, was "an employer of said employees, including all Plaintiffs, within the meaning of section 203 (d) of the [FLSA]." (See id. at 182:1-21.)

Similarly, there are indications that L. Pastore was not an employee of J & B. Scordato stated that she would "occasionally" come to the restaurant for "an hour a day," working for tips "in support of her husband." (Id. at 39:12-15, 135:1-2). Scordato would not know when she was coming in. (Id. at 44:20-23.) At the request of R. Pastore, he would pay part of R. Pastore's compensation to L. Pastore—at different times, he stated, he paid one-third to one half of R. Pastore's salary to L. Pastore. (Id. at 134:15-18, 136:9-15.) Scordato did not consider L. Pastore to be an employee; rather, he considered her to be "a co-owner's wife who came in from time to time to work an hour or two." (Id. at 135:17-19.) Despite this, it is undisputed that L. Pastore did work at the restaurant; in the absence of opposition papers, Scordato's deposition statements, again, are not enough to create a genuine issue of fact.

Thus, on this record, both R. and L. Pastore were employees of J & B within the meaning of the FLSA and NYLL and summary judgment is GRANTED on the issue of minimum wage liability.

B. R. Pastore was not an Exempt Employee

As noted above, the overtime provisions of the FLSA establish that employees must be paid at a rate of at least one and a half times their regular rate for all hours worked in excess of forty in a given week. 29 U.S.C. § 207(a)(1). However, the Act provides a number of categories of exemptions which are set forth in 29 U.S.C. § 213(a). Employees whose jobs fall within one of the categories are not entitled to certain protections of the Act. For example, employees who are "employed in a bona

5

fide executive, administrative, or professional capacity . . . ." are exempt from the FLSA overtime pay requirements. 29 U.S.C. § 213.

Defendant J & B has not argued that R. Pastore was an exempt employee. "Where an employee who is not receiving overtime compensation contends that he is entitled to such compensation under the FLSA, it is incumbent upon the employer to establish by clear and convincing evidence that one of the FLSA's exemptions to the overtime requirements applies." Rowe v. Olthof Funeral Home, Inc., No. 10 Civ. 6220, 2011 WL 4899970, at *2 (W.D.N.Y. Oct. 13, 2011) (citing Idaho Sheet Metal Works, Inc. v. Wirtz, 383 U.S. 190 (1966)); see Martin v. Malcolm Pirnie, Inc., 949 F.2d 611, 614 (2d Cir.1991) (stating that it is the employer's burden to demonstrate that it is entitled to a given FLSA exemption, and because the Act is a remedial statute, its exemptions are construed narrowly against the employer). Accordingly, the Court determines that R. Pastore was not an exempt employee under the Act and summary judgment is GRANTED on the issue of overtime wage liability.

C. Spread of Hours Wages

Plaintiff R. Pastore contends that he was entitled to an extra hour of pay at the prevailing minimum wage for days on which more than ten hours elapsed from the time he started work to the time he left work for the day, as required by New York's "spread of hours" law. (Compl. ¶ 86.) In New York State, "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which . . . the spread of hours exceeds 10 hours." NYCRR, tit. 12, § 142-2.4.

Courts in this district generally find that the spread of hours statute applies only to employees making minimum wage. See Zubair v. EnTech Eng'g P. C., 808 F.Supp.2d 592, 601 (S.D.N.Y. 2011) ("[T]he Court finds that the explicit reference to 'minimum wage' in § 142–2.4 indicates that such a provision is properly limited to those employees who receive only the minimum compensation required by law."); Almeida v. Aguinaga, 500 F.Supp.2d 366, 370 (S.D.N.Y. 2007) ("[T]he spread-of-hours provision is properly limited to enhancing the compensation of those receiving only the minimum required by law"); Espinosa v. Delgado Travel Agency, No. 05 Civ. 6917, 2007 WL 656271, at *2 (S.D.N.Y. March 2, 2007) ("By its plain language, section 142–2.4(a) only provides supplemental wages to workers who are paid the minimum wage required under New York law."); see also Sosnowy v. A. Perri Farms, Inc., 764 F.Supp.2d 457 (E.D.N.Y. 2011) (same); Jenkins v. Hanac, Inc., 493 F.Supp.2d 556, 558–59 (E.D.N.Y. 2007) (same).

Thus, by R. Pastore's calculations, his hourly rate of either $22.50 or $15.50 was well above the minimum wage of $7.25,[6] see 29 U.S.C. § 206 (a)(1)(C), and he is not entitled to spread of hours compensation under NYCRR, tit. 12, § 142-2.4. That claim is dismissed.

D. Breach of Contract

Plaintiff R. Pastore alleges that defendant agreed to employ him at a rate of $1,000 per week and has failed to do so "according to contract." "To recover for breach

---

[6] The current minimum wage in New York (following the federal minimum wage) is $7.25. See NYLL § 652 (establishing the minimum wage as "$7.15 on and after January 1, 2007, or, if greater, such other wage as may be established by federal law pursuant to 29 U.S.C. section 206 . . . .").

7

of contract under New York law, a plaintiff must demonstrate: (1) the existence of a valid contract; (2) performance under that contract; (3) defendant's breach of that contract; and (4) damage caused by the breach." Bongat v. Fairview Nursing Care Center, Inc., 341 F.Supp.2d 181, 187 (E.D.N.Y. 2004) (citing Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525 (2d Cir.1994)).

Plaintiffs do not address this claim in their Memorandum of Support and there is no mention of a contractual agreement elsewhere in their submissions. Moreover, the claim appears to be premised on the FLSA and New York statutory claims. "Where an employer violates a statute, the employee's remedy is for violating the statute and is not for breach of contract." Ellis v. Common Wealth Worldwide Chaueffuered Transp. of NY, LLC, No. 10–CV–1741, 2012 WL 1004848, at *11 (E.D.N.Y. Mar. 23, 2012). See also Fry v. McCall, 945 F.Supp. 655, 667 (S.D.N.Y. 1996) (Statutory or constitutional violations "give rise to claims under those laws or constitutional protections themselves, they do not create a separate cause of action for breach of contract under New York law."). Accordingly, this claim is dismissed.

E. Unjust Enrichment

Plaintiff R. Pastore claims that the defendant has been unjustly enriched by failing to compensate for services he rendered. (Compl. ¶ 99.) To prevail on a claim of unjust enrichment, a plaintiff must establish that: (1) the defendant was enriched; (2) the enrichment was at plaintiff's expense; and (3) the circumstances are such that equity and good conscience require restitution. Bongat, 341 F.Supp.2d at 188 (citing Golden Pac. Bancorp v. FDIC, 273 F.3d 509, 519 (2d Cir.2001)).

Again, plaintiffs do not address this claim in their Memorandum of Support. At any rate, "numerous other courts . . . have found the FLSA's civil enforcement scheme to be exclusive and . . . [have] conclude[d] that FLSA preempts any state common law claims that are duplicative of plaintiffs' FLSA cause of action." DeSilva v. North Shore-Long Island Jewish Health System, Inc., 770 F.Supp.2d 497, 533 (E.D.N.Y. 2011). Here, plaintiffs' common law claim is brought in conjunction with their claim for relief under the FLSA and NYLL and is thus preempted. Moreover, "[g]enerally, if there is an adequate remedy at law, a court will not permit a claim in equity." Bongat, 341 F.Supp.2d at 188. Since plaintiffs' claim provides an adequate remedy at law, plaintiff R. Pastore's claim based upon unjust enrichment is dismissed.

F. Plaintiffs' Damages Calculations

An employee seeking to recover unpaid minimum wages or overtime under FLSA ordinarily "has the burden of proving that he performed work for which he was not properly compensated." Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946). However, when an employer fails to maintain records concerning the employee's wages, hours, and other terms and conditions of employment as required by FLSA, the plaintiff may carry out this burden "if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Tlacoapa v. Carregal, 386 F.Supp.2d 362, 367 (S.D.N.Y. 2005) (quoting Anderson, 328 U.S. at 687).

Plaintiffs have submitted their own calculations of the wages they claim are due from defendant J & B. (See Pls.' Local Rule 56.1 Statement, 7-9, R. Pastore's Declaration in Support, 4-6, L. Pastore's Declaration in Support, 3.) Plaintiffs' calculations, however, are not corroborated by other evidence and are insufficient, standing on their own, to establish the precise amount of damages that should be awarded.[7] Plaintiffs are directed to supply the Court with whatever documents they possess to assist the Court in determining damages, costs and attorneys' fees in this case. See New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147 (2d Cir.1983) ("[C]ontemporaneous time records are a prerequisite for attorney's fees in this Circuit") (citation omitted).

Such documents are to be provided within thirty days of the date of this Memorandum Decision and Order.

## III. CONCLUSION

For the reasons stated above, plaintiffs' motion for summary judgment is GRANTED on the issue of liability under the FLSA and NYLL. Plaintiff R. Pastore's spread of hours and common law claims are dismissed. Plaintiffs are to provide the Court with the aforementioned documentation of damages by September 24, 2012.

The Clerk of the Court is respectfully requested to terminate the pending motion (Docket # 23).

---

[7] Plaintiffs submit only R. Pastore's 2008 W-2 form (see Pls.' Ex. E) and a Quarterly Report produced by Paychex showing fourth quarter 2009 earnings for J & B employees. (See Pls.' Ex. F.)

Dated: August 24, 2012  
White Plains, New York

SO ORDERED:

_____
GEORGE A. YANTHIS, U.S.M.J.